No. 06-5393-cv
Fielding v. Tollaksen

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2007

(Argued: November 7, 2007                    Decided: December 12, 2007)

Docket No. 06-5393-cv

MARIA FIELDING,

     *Plaintiff-Appellant*,

     -v.-

JEFFREY TOLLAKSEN, MYRNA COHEN, VINCENT M. BOYD, New York State Police Investigator,
STEVEN JOHNSTONE, New York State Trooper, PETER LUNGEN, District Attorney, JOEY
DRILLINGS, Assistant District Attorney, MICHAEL MCGUIRE, Assistant District Attorney, ROBERT
ZANGLA, Assistant District Attorney, IVAN KALTER, Fallsburg Town Court Judge, JUDGE BART
RASNIK, Fallsburg Town Court Judge, JUDGE JOEL W. WELSH, Mamakating Town Court Judge,

     *Defendants-Appellees.*

Before: CABRANES, SACK, KATZMANN, *Circuit Judges.*

     Plaintiff appeals from an order of the United States District Court for the Southern District

of New York (Stephen C. Robinson, *Judge*) adopting a magistrate judge's Report and

Recommendation and entering final judgment in favor of defendants on plaintiff's 42 U.S.C. § 1983

complaint.  We conclude that, because the District Court implicitly overruled plaintiff's Rule 72(a)

objections to the magistrate judge's earlier order, which denied plaintiff leave to amend her

complaint, we have jurisdiction to review the order denying the motion to amend.  We conclude that

it was not error for the magistrate judge to deny plaintiff's motion to amend her complaint.

     Affirmed.

                                  MARIA FIELDING, *pro se*, Fallsburg, NY, *for
                                  Plaintiff-Appellant.*

ROBERT M. SPADARO, New York, NY, *for Defendants-Appellees Tollaksen and Cohen.*

DONALD P. DELANEY, White Plains, NY, *for Defendants-Appellees Boyd and Johnstone.*

CHERYL MCCAUSLAND, (Samuel S. Yasgur *on brief*) Barryville, NY, *for Defendants-Appellees Lungren, Drillings, McGuire, and Zangla.*

BRUCE A. TORINO, Mineola, NY, *for Defendants-Appellees Kalter and Rasnik.*

RICHARD STOLOFF, Monticello, NY, *for Defendant-Appellee Welsh.*

JOSÉ A. CABRANES, *Circuit Judge*:

Plaintiff-appellant Maria Fielding ("plaintiff") appeals *pro se* from an October 25, 2006 order and judgment entered by the United States District Court for the Southern District of New York (Stephen C. Robinson, *Judge*) adopting the March 3, 2006 Report and Recommendation ("R & R") of United States Magistrate Judge George A. Yanthis to dismiss plaintiff's suit and to grant defendants' motion for summary judgment.[1]  During the course of proceedings before the magistrate judge, plaintiff moved for leave to amend her complaint.  Magistrate Judge Yanthis denied the motion to amend as futile in an order entered the same day that he filed the R & R on defendants' dispositive motions.  Pursuant to Federal Rule of Civil Procedure 72(a),[2] plaintiff filed an objection to the magistrate judge's order denying her motion

---

[1] The R & R addressed three separate motions for summary judgment and two motions to dismiss brought by various defendants.  Motions for summary judgment were filed by (1) defendants Kalter and Rasnick; (2) defendant Welsh; and (3) defendants Tollaksen and Cohen.  The two motions to dismiss were filed by (1) defendants Boyd and Johnstone; and (2) defendants Lungen, Drillings, McGuire, and Zangla. **[A. 14]** The District Court, in adopting the R & R, granted each of the motions and subsequently entered a judgment against plaintiff.

[2]  Federal Rule of Civil Procedure 72(a) states:

A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such

2

to amend.  In a separate filing, plaintiff also objected to the magistrate judge's R & R.  Judge Robinson did not explicitly rule on plaintiff's Rule 72(a) objection to the magistrate judge's order denying leave to amend before he granted defendants' motions and entered judgment for defendants pursuant to the R & R.  In a separate summary order filed today, we affirm the judgment entered by Judge Robinson and dispose of most of the issues presented on appeal.  We write here solely to address the question of whether a district court's dismissal of an action without expressly ruling on a pending objection filed pursuant to Rule 72(a) serves as an order overruling that objection.

**I.**

Following a protracted landlord-tenant dispute that played out in several venues, including two state courts, and involved plaintiff's arrest on criminal charges that were later dismissed, plaintiff filed an action for malicious prosecution and abuse of process pursuant to 42 U.S.C. § 1983 against her landlords, Jeffrey Tollaksen and Myrna Cohen (collectively, "the landlords" or "private-citizen defendants"), and the government actors involved in her arrest and aborted prosecution:  New York State Police Investigator Vincent M. Boyd; New York State Trooper Steven Johnstone; District Attorney of Sullivan County Peter Lungen; Assistant District Attorneys Joey Drillings, Michael McGuire, and Robert Zangla; Fallsburg Town Court Judges Ivan Kalter and Bart Rasnik; and Mamakating Town Court Judge Joel W. Welsh (collectively, "government defendants").  Plaintiff

---

proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

sought compensatory and punitive damages and a declaratory judgment that defendants had violated her constitutional rights. We recount here only those aspects of the record that are pertinent to the disposition of the issue before us.

## II.

Beginning on February 1, 2000, plaintiff rented an apartment owned by the landlords in the town of Fallsburg, New York. On February 17, 2003, she complained to the landlords about a broken water heater. On March 1, 2003, with the water heater still not fixed, she gave thirty days' notice that she would vacate the apartment. Three days later, she complained in writing to the landlords about broken concrete steps leading to her apartment. Six days thereafter, plaintiff called the municipal building inspector to complain about the water heater and the steps. After the inspection, the municipal inspector called the landlords to demand that they fix the problems. On March 21, 2003, a plumber apparently called by the landlords determined that the heater had failed due to a manufacturer's defect and replaced the heater. When plaintiff vacated the apartment on March 31, 2003, she demanded her security deposit from the landlords; according to plaintiff, the latter did not respond. When plaintiff complained to the New York State Attorney General's office about the landlords' failure to return her security deposit, that office sent her a copy of a letter from the landlords alleging that it was she who had damaged their property.

On March 31, 2004, plaintiff filed suit in small claims court against the landlords for the return of her security deposit. The case was assigned at first to defendant Judge Ivan Kalter. However, Judge Kalter recused himself because his former partner had represented plaintiff, whereupon the case was re-assigned to defendant Judge Bart Rasnik. The landlords interposed a counterclaim for property damage allegedly caused by plaintiff.

4

In August 2004, the landlords went to the Sullivan County District Attorney's office to seek an order of protection against plaintiff. In depositions signed by each of the landlords on August 14, 2004, the landlords stated that they believed plaintiff caused the damage to the water heater and concrete steps, and that she had physically and verbally abused them when they confronted her. Based on these depositions, defendant New York State police officers Boyd and Johnstone arrested plaintiff, and she was arraigned on two felony counts of criminal mischief. Judge Rasnik recused himself from both the criminal and small claims actions after plaintiff filed a Notice of Judicial Misconduct making him an interested party. The criminal and civil cases were then consolidated and assigned to a Town Judge, defendant Judge Joel W. Welsh.

Plaintiff moved for dismissal of the criminal charges on November 29, 2004. On December 21, 2004, the District Attorney's Office dropped one of the felony charges and reduced the other felony charge to criminal mischief in the fourth degree, a misdemeanor. On February 2, 2005, defendant Assistant District Attorney Robert Zangla moved to dismiss the pending information. Judge Welsh granted the motion and dismissed the criminal case.

In the small claims action, Judge Welsh on March 3, 2005 entered a default judgment in favor of plaintiff for her security deposit and dismissed the landlords' counterclaim without prejudice. The record does not reflect further proceedings in the small claims action.

**III.**

Plaintiff filed the instant action in the United States District Court for the Southern District of New York on March 7, 2005. On June 7, 2005, she moved for leave to amend her complaint to add Sullivan County and the towns of Fallsburg and Mamakating as defendants. The case was subsequently referred to Magistrate Judge Yanthis for disposition of plaintiff's motion to amend as

5

well as motions for summary judgment and motions to dismiss filed by defendants.  On March 3, 2006, Magistrate Judge Yanthis filed an R & R on defendants' motions.  On the same day, in a separately filed order, he denied the motion to amend, having concluded, based on *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11 (2d Cir. 1997), that the proposed amendment would be "futile" because plaintiff had failed to state a cause of action against the municipalities.  *See Advanced Magnetics,* 106 F.3d at 18 ("Leave to amend need not be granted . . . where the proposed amendment would be futile.") (internal citation and quotation marks omitted).  Plaintiff timely objected, pursuant to Federal Rule of Civil Procedure 72(a), to the magistrate judge's order denying her motion to amend.

Without explicitly ruling on plaintiff's Rule 72(a) objection, Judge Robinson on October 25, 2006, acting on the basis of the R & R, granted summary judgment to certain of the defendants and dismissed plaintiff's action against the other defendants, *see* note 1, *ante.* Concluding that the government defendants acted with probable cause and that their actions were protected by either absolute or qualified immunity, Judge Robinson granted their motions for summary judgment and motions to dismiss.  Judge Robinson found that the landlords were private-citizen defendants and did not act under color of state law and thus were not subject to liability under 42 U.S.C. § 1983. Accordingly, Judge Robinson entered an order granting summary judgment to the landlords. Judgment was entered against plaintiff on October 27, 2006.  This appeal followed.

**IV**

As a matter of case management, a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent.  28 U.S.C. § 636; Fed. R. Civ. P. 72(a).  Under Rule 72(a), a party may object to the magistrate judge's

6

order within ten days of being served with a copy. *Id.* The rule also provides that "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id.*

Although we have not previously spoken on this issue, other circuits have concluded that a district judge's entry of judgment without ruling on a motion or argument is tantamount to an denial or rejection of that motion or argument. *See, e.g.*, *Alpine View Co. v. Atlas Copco AB,* 205 F.3d 208, 220 (5th Cir. 2000) (interpreting "lack of an explicit statement" on Rule 72(a) objections as "refusal to overrule the magistrate judge's order"); *Miller v. Auto. Club of New Mexico, Inc.*, 420 F.3d 1098, 1118 (10th Cir. 2005) ("Given the court's denial of [plaintiff's] motion for sanctions in conjunction with its subsequent order granting [defendant] summary judgment on a number of the claims implicated by her discovery requests, we conclude the district court's silence on [plaintiff's] motion to compel was a conscious and implicit denial of her discovery requests and a refusal to overrule the magistrate judge's order."); *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1116 (10th Cir. 2004) (concluding that "the district court's failure to address [a party's] arguments may be properly construed as an implicit denial of those arguments").

In *Alpine View*, the district court adopted a magistrate judge's report and recommendation, dismissing the plaintiffs' suit without explicitly addressing the plaintiffs' Rule 72(a) objections to an earlier order of the magistrate judge. 205 F.3d at 219. The Fifth Circuit concluded that it had jurisdiction to review the earlier order despite the absence of an explicit statement on the issue by the district judge. *Id.* at 220. As the Fifth Circuit explained, because the record on appeal indicated that the plaintiffs had presented their Rule 72(a) objections to the district court, "the district court's determination to adopt the magistrate judge's dismissal recommendation" could be reasonably interpreted as overruling those objections. *Id.*

7

This approach comports with our own observation that "[w]hen a district court enters a final judgment in a case, interlocutory orders rendered in the case typically merge with the judgment for purposes of appellate review." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 192 (2d Cir. 1999); *see also* 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3905.1, at 250 (2d ed. 1992) (noting the "general rule that appeal from final judgment opens the record and permits review of all rulings that led up to the judgment"). Accordingly, we hold that, when a district judge enters an order disposing of a case without expressly ruling on a pending objection filed pursuant to Federal Rule of Civil Procedure 72(a), the judgment entered pursuant to that order functions as a final order overruling the objection.

In the instant case, appellant filed timely objections to the magistrate judge's ruling, and the district judge, without ruling on her objections, explicitly adopted the R & R of the magistrate judge, thereby dismissing the suit altogether. For the reasons set forth above, we conclude that we have jurisdiction to review Magistrate Judge Yanthis's order denying plaintiff's motion to amend her complaint. The magistrate judge's order denying plaintiff's motion for leave to amend, which was implicitly adopted by Judge Robinson, was soundly reasoned and certainly not an abuse of discretion. *See Nettis v. Levitt*, 241 F.3d 186, 192 (2d Cir. 2001) ("We review only for abuse of discretion a district court's decision to permit or deny leave to amend a complaint.") *overruled on other grounds by Slayton v. American Express Co.*, 460 F.3d 215, 226 (2d Cir. 2006). Accordingly, we affirm.

**CONCLUSION**

Judge Robinson effectively denied plaintiff's motion for leave to amend her complaint when he adopted Magistrate Judge Yanthis's Report and Recommendation proposing dismissal of the action and entered final judgment in favor of defendants. We affirm.