09-2217-cv
Milano v. Astrue

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of June, two thousand ten.

PRESENT:   REENA RAGGI,
           GERARD E. LYNCH,
           J. CLIFFORD WALLACE,[*]
                  *Circuit Judge*.

-----------------------------------------------------------------
ANTHONY J. MILANO,
           *Plaintiff-Appellant*,

           v.                                      No. 09-2217-cv

COMMISSIONER MICHAEL J. ASTRUE, SSA,
           *Defendant-Appellee*.[**]
-----------------------------------------------------------------

APPEARING FOR APPELLANT:       ANTHONY J. MILANO, *pro se*, Emerson, New Jersey.

APPEARING FOR APPELLEE:        BRIAN M. FELDMAN, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), for Preet

---

[*] Circuit Judge J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

[**] Social Security Commissioner Michael J. Astrue is automatically substituted for his predecessor, Joanne B. Barnhart, pursuant to Fed. R. App. P. 43(c)(2).

Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*; Debra Freeman, *Magistrate Judge*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the September 30, 2008 judgment and April 29, 2009 order of the district court are AFFIRMED.

Pro se plaintiff Anthony J. Milano appeals an award of summary judgment in favor of the Commissioner of Social Security ("SSA") on Milano's claims of age discrimination in employment, see 29 U.S.C. §§ 621-634.[1] He further appeals the denials of his cross-motion for summary judgment, his motion for reconsideration of the summary judgment award, and his motion to file a second amended complaint. We assume familiarity with the facts and procedural history, which we reference only as necessary to explain our decision.

Summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56. We review a grant of summary judgment de novo, resolving all ambiguities and drawing all permissible inferences in favor of the nonmoving party. See Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003). Upon such review, we conclude, for substantially the reasons articulated

---

[1] Because Milano raises no challenge to the grant of summary judgment as to his claims under the Privacy Act of 1974, 5 U.S.C. § 552a, or the Civil Service Reform Act, id. §§ 2301(b), 2302(b), we deem those claims abandoned, see Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998); LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995).

2

by the district court and by the magistrate judge in her exhaustive and well-reasoned report and recommendation, that summary judgment was properly granted in favor of defendants on Milano's age discrimination claims. Employing the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), see Gorzynski v. JetBlue Airways, 596 F.3d 93, 105-06 (2d Cir. 2010), we conclude that Milano failed to adduce evidence sufficient to create a triable question of fact on his assertion that defendants' proffered nondiscriminatory reasons for various challenged employment actions were pretextual. See Byrnie v. Town of Cromwell Bd. of Educ., 243 F.3d 93, 103-07 (2d Cir. 2001).[2]

Further, because Milano's motion for reconsideration pointed to no "controlling decisions or data that the [district] court overlooked," Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995), we identify no abuse of discretion in the denial of that motion, see Universal Church v. Geltzer, 463 F.3d 218, 228 (2d Cir. 2006).

Finally, assuming arguendo that Milano has preserved his challenge to the district court's denial of leave to file a second amended complaint adding Fifth Amendment due process claims, but see Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008), we detect no abuse of discretion in that denial, see Fielding v. Tollaksen, 510 F.3d 175, 179 (2d Cir. 2007). For the reasons articulated by the magistrate judge in her September 7, 2007

---

[2] With respect to Milano's claim based on the March 1, 1998 selection of Jane Zanca as disability program administrator, because Milano failed to complain about that action until November 20, 1998, we affirm the district court's additional conclusion that this part of his age discrimination claim was time-barred. See Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 112 (2d Cir. 2008); 29 C.F.R. § 1614.105(a).

3

order, to which Milano did not object, the amendment Milano proposed would have been futile.  See Patane v. Clark, 508 F.3d 106, 113 n.6 (2d Cir. 2006).

We have considered Milano's remaining claims of error, and we conclude that they are without merit.  Accordingly, the judgment and order of the district court are AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court