10-4774-pr
*Ceparano v. Suffolk Cnty. Dep't of Health*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand twelve.

PRESENT:

 JOSEPH M. MCLAUGHLIN,
 JOSÉ A. CABRANES,
 SUSAN L. CARNEY,
  *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ANTHONY CEPARANO,

  *Plaintiff-Appellant,*

  -v.-                                              No. 10-4774-pr

SUFFOLK CNTY. DEP'T OF HEALTH, S.C.C.F. MEDICAL UNIT, DEP'T OF HEALTH COMM. HUMAYUN CHAUNDRY, S.C.C.F. CHIEF ADM VINCENT GERACI, DR. PRENTISS, NURSE PRACTITIONER "JANE DOE," DRUG/ALCOHOL COUNSELOR ELIANA, NURSE "JAMES DOE" LPN, NURSE PRACTITIONER ALICE,[1]

  *Defendants-Appellees.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[1] The Clerk is directed to amend the official caption as indicated above.

1

**FOR APPELLANT:**                                    CORINNE A. IRISH, Squire Sanders
                                                      (US) LLP, New York, NY.

**FOR APPELLEES:**                                    BRIAN C. MITCHELL, Assistant
                                                      County Attorney (Dennis M.
                                                      Cohen, Acting Suffolk County
                                                      Attorney, *of counsel*), Hauppauge,
                                                      NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 20, 2010 judgment of the District Court be **VACATED** with regard to "Nurse Practitioner Alice" and the municipality of Suffolk County, **AFFIRMED** with regard to the remaining defendants and the cause be **REMANDED** for further proceedings.

Appellant Anthony Ceparano appeals from a judgment of the District Court dismissing his complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. We assume familiarity with the underlying facts and procedural history of this case.

This appeal arises out of a complaint filed by Ceparano, proceeding *pro se*,[2] alleging that medical personnel at the Suffolk County Correctional Facility ("SCCF") were deliberately indifferent to his severe pain and discomfort during his incarceration at that facility in 2007 and 2008. Ceparano further alleged that the medical personnel's deliberate indifference to his serious medical needs came about as a result of a municipal policy of Suffolk County (the "County") favoring cost-cutting at the expense of inmates' health.

---

[2] Ceparano retained counsel during the proceedings in the District Court; however, counsel did not file any substantive papers with the District Court, and did not continue as appellate counsel. At Ceparano's request, we appointed counsel on May 5, 2011. Counsel was instructed to brief, "among any other issues: (1) whether the district court erred in dismissing, *sua sponte*, Appellant's claim asserted against the individual and municipal defendants that members of the prison medical staff were deliberately indifferent to Appellant's pre-existing spinal condition; (2) the impact, if any, that Appellant's failure to file an amended complaint has on this appeal; and (3) how this appeal is affected by the failure to effect service on several of the individual defendants." We thank appointed counsel for her service.

2

Ceparano's complaint was dismissed without prejudice by the District Court in an order of July 13, 2010, substantially adopting a Report and Recommendation of the Magistrate Judge (Kathleen A. Tomlinson, Magistrate Judge) (the "Report"). The District Court's order modified the Report to permit Ceparano to file an amended complaint curing various defects in the pleadings within thirty days. Ceparano failed to file an amended complaint, and the action was dismissed with prejudice on September 15, 2010.[3]

We note that Ceparano's failure to file an amended complaint does not affect our jurisdiction on appeal. Because final judgment was entered against Ceparano on September 20, 2010[4] as a result of his failure to cure the pleading deficiencies discussed in the District Court's July 13, 2010 memorandum and order, which substantially adopted the Report and dismissed *sua sponte* Ceparano's complaint, we review the July 13, 2010 order on this appeal. *See Ciralsky v. C.I.A.*, 355 F.3d 661, 667–68 (D.C. Cir. 2004); *see also Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007) (noting that "interlocutory orders rendered in [a] case typically merge with the [final] judgment for purposes of appellate review" (internal quotation marks omitted)).

On appeal, Ceparano raises the following issues: (1) whether the District Court erred in dismissing his claim that the prison medical staff was deliberately indifferent to his spinal condition; (2) whether the misdiagnosis or failure to provide treatment for his knee pain constituted deliberate indifference to his medical needs; (3) whether his failure to file an amended complaint should affect our consideration or disposition of this appeal, as argued by defendants; (4) whether his failure to effect service on individual defendants affects this appeal, where he received no aid in locating those

---

[3] We note that Ceparano filed his August 17, 2010 Notice of Appeal from the District Court's dismissal without prejudice of his complaint, rather than appealing from the entry of final judgment after he failed to file an amended complaint. We deem the Notice of Appeal filed as of September 20, 2010, the date final judgment was entered. *See* Fed. R. App. P. 4(a)(2).

[4] Ceparano filed an amended complaint out of time on September 30, 2010. No action has been taken on the amended complaint as of the time of this filing.

3

defendants from the District Court or the United States Marshals Service; and (5) whether clarification is necessary regarding the District Court's ruling construing claims against the Suffolk County Department of Health and the Suffolk County Correction Facility Jail Medical Unit as claims against Suffolk County.

## DISCUSSION

We review the District Court's ruling on the motion for judgment on the pleadings *de novo*.[5] *Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 89 (2d Cir. 2006). After *de novo* review, we affirm the judgment of the District Court except insofar as it relates to Ceparano's allegations against "Nurse Practitioner Alice" ("NP Alice") and his claim of municipal liability. We vacate the judgment of the District Court as to NP Alice, and accordingly reinstate Ceparano's claim of municipal liability against the County.

A.    *Individual Claims*

In order for an inmate to state a claim of constitutional deprivation with regard to his access to medical care during pre-trial detention, the inmate must demonstrate that his medical needs were objectively "sufficiently serious," and that the individual to be charged with the violation was aware of, and deliberately indifferent to, those needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009) (applying *Farmer* test to pre-trial inmates under the Fifth and Fourteenth Amendments). In order to show that an individual was deliberately indifferent to the plaintiff's serious medical needs, the plaintiff must show (1) that "[the individual] knew of a substantial risk of serious harm to [plaintiff's] health," and (2) that "[the individual] consciously disregarded that risk." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

---

[5] As noted above, the District Court dismissed the complaint without prejudice after Ceparano's motion on the pleadings, and then dismissed the action with prejudice after Ceparano failed to file an amended complaint. *See supra* text at note 3. We review the *sua sponte* dismissal of a complaint *de novo* as well. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

We agree with the District Court that Ceparano has not stated a claim for relief against most of the individual defendants in question. However, we disagree with the District Court with respect to the claims against NP Alice.

It is clear on the record before us that NP Alice was aware of Ceparano's serious medical condition. Ceparano visited her on several occasions, each time explaining the basis for his concerns and reminding her that surgery on his severely herniated spinal discs had been scheduled (and approved by his insurance company) prior to his incarceration. He also repeatedly informed her that he was suffering severe pain and neurological symptoms due to his spinal condition. Ceparano alleges that NP Alice consciously disregarded his need for treatment and pain medication by, *inter alia*, refusing to prescribe pain medication or to continue a prescription for pain medication prescribed by a prison doctor, refusing to pursue the required surgery, refusing to obtain medical records from his orthopedist regarding his spinal condition, and refusing to prescribe more than "conservative" treatment despite reported worsening of his condition. This is enough to state a claim of deliberate indifference to serious medical needs. *See, e.g.*, *Brock v. Wright*, 315 F.3d 158, 163 (2d Cir. 2003) (deliberate indifference to chronic pain violated the Constitution); *Harrison v. Barkley*, 219 F.3d 132, 136–37 (2d Cir. 2000) (deliberate indifference to degenerative condition violated the Constitution).

We hold that Ceparano has adequately alleged that NP Alice violated his constitutional rights with regard to his spinal injury.[6] We therefore vacate the District Court's order of September 20, 2010, dismissing Ceparano's claim against NP Alice.

---

[6] **Error! Main Document Only.**Ceparano apparently concedes that NP Alice adequately treated his leg injury. *See* Reply Br. at 3–4. In any event, we find that his claims against NP Alice with regard to her treatment of his leg injury are meritless. The scope of our remand is therefore limited to NP Alice's alleged deliberate disregard of Ceparano's serious medical needs with regard to his spinal injury. (We note that our ruling does not affect Ceparano's ability to use the facts underlying his leg injury claim to support his claim of municipal liability. *See post* Section B.)

B.	*Municipal Liability*

In order to state a claim for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) (a "*Monell* claim"), a plaintiff must allege that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers." *Id.* at 690. The County "may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the [municipality's] official decisionmaking channels." *Id.* at 690–91.

The District Court held that Ceparano had "alleged a government custom or policy as required by *Monell*," in that he claimed that "the [Suffolk County Department of Health] has adopted a custom of denying adequate medical care to inmates for the purpose of saving money." However, the Court found that Ceparano had not "shown that there exists a 'direct causal link between [the] municipal policy or custom, and [his] alleged constitutional deprivation'" because he had failed to "demonstrate a constitutional deprivation."

Because we reinstate a portion of the claim asserted as to NP Alice, we also address Ceparano's claim of municipal liability under *Monell*, and we agree with the District Court that Ceparano has adequately alleged a municipal policy or custom sufficient to give rise to municipal liability. Further, given our disposition of the claims against NP Alice, we hold that Ceparano has adequately alleged the underlying, independent constitutional violation required to bring a *Monell* claim. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006). We therefore vacate the District Court's dismissal of the *Monell* claim, and remand the cause for further proceedings on this claim consistent with this order.[7]

---

[7] There is no need for us to "clarify" the basis for *Monell* liability, as Ceparano claims. As the District Court correctly held, the basis for the claim of liability is the County's alleged policy of denying medical care to inmates at the SCCF in order to reduce costs.

CONCLUSION

We have carefully reviewed the record and Ceparano's claims, and determine that, except as described above, Ceparano's claims are meritless. Accordingly, for the reasons stated above, we VACATE the judgment of the District Court as to Nurse Practitioner Alice and the municipal defendant; AFFIRM the District Court's dismissal of the claims against the remaining defendants; and REMAND the cause for further proceedings consistent with this order, including such discovery and further dispositive motion practice as may be appropriate in the circumstances.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

7