12-1963-cv
*Barani v. Dep't of Defense, et al.*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand thirteen.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> J. CLIFFORD WALLACE,[1]
>> *Circuit Judges.*

---

DANIEL BARANI,

> *Plaintiff-Appellant*,

> v.                                                                          No. 12-1963-cv

DEPARTMENT OF DEFENSE, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, CENTRAL INTELLIGENCE AGENCY, FEDERAL BUREAU OF INVESTIGATION,

> *Defendants-Appellees.*

---

[1] The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**     Daniel Barani, *pro se*, New York, NY.

**FOR DEFENDANTS-APPELLEES:**     Sarah Sheive Normand, Leslie A. Ramirez-Fisher, *for* Preet Bharara, United States Attorney, United States Attorney's Office for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's April 27, 2012 judgment is **AFFIRMED**.

Plaintiff-appellant Daniel Barani, proceeding *pro se*, appeals from the District Court's dismissal of his complaint with prejudice, which alleged various violations of the United States Constitution, 42 U.S.C. § 1983, and other federal statutes. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(1) or 12(b)(6). *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Dismissing a case pursuant to Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

We have reviewed all of Barani's arguments on appeal and hold each of them to be without merit. Substantially for the reasons stated in the District Court's April 26, 2012 Memorandum and Order, we conclude that Barani's claims were properly dismissed.

We also conclude that the District Court did not abuse its discretion, *see Williams v. Citigroup, Inc.*, 659 F.3d 208, 212 (2d Cir. 2011), by implicitly denying Barani's request for leave to amend his complaint, *see Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007) (holding that "when a district judge enters an order disposing of a case without expressly ruling on a pending objection . . . the judgment entered pursuant to that order functions as a final order overruling the objection"). Although district courts generally should not dismiss a *pro se* complaint without granting the plaintiff

leave to amend, granting leave to amend is not necessary when amending the complaint would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, allowing Barani to amend his complaint would be futile as the barriers to relief for his claims cannot be surmounted by reframing the complaint.

Accordingly, the April 27, 2012 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3