**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3049
_____

KENNETH E. ROBINSON, JR.,
                                        Appellant

v.

HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY;
VICTORIA WRIGHT-GIBSON; CHERYL CONCANNON;
COLETTE WHITE; BEATRIZ MESA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-12-cv-02981)
District Judge:  Honorable Madeline C. Arleo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 2, 2016
Before:  CHAGARES, KRAUSE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 5, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kenneth E. Robinson, Jr., appeals from the District Court's entry of summary judgment against him and several of its prior orders in this employment discrimination case. We will affirm.

I.

Robinson is a law school graduate but apparently has never practiced law. He was employed by Horizon Blue Cross Blue Shield of New Jersey as a Vendor Outsourcing Specialist for less than two years before Horizon terminated his employment in 2012. Shortly thereafter, Robinson filed suit alleging that Horizon discriminated against him on the basis of his gender and his African-American race. Robinson asserted claims under Title VII of the Civil Rights Act of 1964 and the New Jersey Law Against Discrimination ("NJLAD"). He also named as defendants several Horizon employees and asserted various state-law tort claims. (We will refer to the defendants collectively as "Horizon.") Robinson claims that Horizon terminated him and took other adverse actions because of his gender and race and in retaliation for his complaints. Horizon claims that it took those actions because of Robinson's poor performance and unprofessional conduct.

Horizon answered the complaint and the parties engaged in discovery, which proved to be protracted and which spawned numerous interlocutory orders. Four of them are at issue here. First, Magistrate Judge Joseph A. Dickson[1] granted in part and denied

_____

[1] Four different Magistrate Judges and two different District Judges presided over this action at various times.

2

in part one of Robinson's motions to compel.  (ECF No. 74.)  Second, Magistrate Judge

Dickson denied Robinson's motion seeking his recusal.  (ECF No. 103.)  Third,

Magistrate Judge Dickson granted in part and denied in part Robinson's motion for leave

to file a Second Amended Complaint.  (ECF No. 104.)  Finally, a different Magistrate

Judge denied Robinson's motion to strike defendants' answer to his Second Amended

Complaint.  (ECF No. 131.)  Robinson filed objections to each of these rulings and, with

the one exception noted below, the District Court overruled them.

Horizon ultimately moved for summary judgment.  Robinson both opposed

summary judgment on the merits and filed a motion under Fed. R. Civ. P. 56(d) asserting

that he required additional discovery.[2]  By order entered July 30, 2015, the District Court

denied Robinson's Rule 56(d) motion, granted Horizon's motion for summary judgment,

and entered judgment in its favor.

In doing so, the District Court applied the burden-shifting framework set forth in

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to Robinson's claims of

disparate treatment and retaliation.  The District Court concluded that Robinson had not

presented evidence suggesting that Horizon's proffered reasons for its actions were

pretextual or that the real reason was discrimination.  The District Court also concluded

that Robinson had not presented sufficient evidence in support of a hostile-environment

---

[2] We have noted that courts sometimes "rather casually" refer to Rule 56(d) filings as
"motions" even though the rule does not contemplate or require an actual motion.
Shelton v. Bledsoe, 775 F.3d 554, 567 (3d Cir. 2015).  We refer to Robinson's Rule 56(d)

3

claim. Finally, the District Court concluded that the individual defendants were not subject to liability under Title VII or the NJLAD and that Robinson's state-law claims were preempted by the NJLAD. Robinson filed both a motion for reconsideration and a notice of appeal. The District Court later denied reconsideration, but Robinson did not file another notice of appeal.

II.

In his brief, Robinson challenges the District Court's interlocutory rulings noted above, its entry of summary judgment, and its denial of reconsideration. Horizon contests our jurisdiction over the first and third of these challenges.

Horizon argues that we lack jurisdiction to review the District Court's interlocutory rulings because Robinson mentioned only the entry of summary judgment in his notice of appeal. See Fed. R. App. P. 3(c)(1)(B). The District Court's discovery and other rulings, however, are sufficiently related to its entry of summary judgment to permit review under the circumstances presented here. See Pacitti v. Macy's, 193 F.3d 766, 776-77 (3d Cir. 1999).

Horizon also argues that we lack jurisdiction over the District Court's denial of reconsideration because Robinson did not file another or an amended notice of appeal from that ruling as required by Fed. R. App. P. 4(a)(4)(B)(ii). We agree. See Witasick v.

---

filing as a motion in this case because that is how he styled it.

Minn. Mut. Life Ins. Co., 803 F.3d 184, 191 n.7 (3d Cir. 2015). Thus, our review is limited to the District Court's interlocutory rulings and its entry of summary judgment. As to those rulings, we have jurisdiction under 28 U.S.C. § 1291.

A.    The District Court's Interlocutory Rulings[3]

Robinson devotes most of his briefing to the four interlocutory rulings noted above. His challenges to those rulings lack merit and are largely frivolous.

Robinson's first challenge is to Magistrate Judge Dickson's order granting in part and denying in part his motion to compel. (ECF No. 74.) At the time of that ruling, Horizon had responded to 85 document requests and produced over 56,000 pages of documents. Robinson's motion sought an order compelling Horizon to produce documents in response to 45 additional requests. The Magistrate Judge concluded that most of Robinson's requests were duplicative or of marginal relevance, but he ordered Horizon to produce six additional categories of documents. Although Robinson now

---

[3] Robinson preserved his challenges to the Magistrate Judges' rulings by filing objections pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A). We review these rulings for abuse of discretion except to the extent that they turn on issues of law, which we review de novo. See Maiden Creek Assocs., L.P. v. U.S. Dep't of Transp., 823 F.3d 184, 189 (3d Cir. 2016) (amendment of pleadings); Eisai, Inc. v. Sanofi Aventis U.S., LLC, 821 F.3d 394, 402 & n.10 (3d Cir. 2016) (discovery rulings); Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 166 (3d Cir. 2004) (recusal). Robinson frames his arguments primarily as challenges to the Magistrate Judge rulings. Although it is the District Court's orders affirming them that we review, see Anjelino v. N.Y. Times Co., 200 F.3d 73, 88, 100 (3d Cir. 1999), we will address Robinson's arguments as he frames them because the District Court affirmed largely for the reasons explained by the Magistrate Judges.

challenges this ruling, he has not specified what additional discovery he sought or how it might have been relevant to his claims.  His challenge fails for that reason alone.

His specific arguments on this point also lack merit.  Robinson argues that the Magistrate Judge, in his order denying recusal, later "admitted he had <u>not</u> read Plaintiff's pleadings, discovery motions and letters prior to his rulings[.]"  (Appellant's Br. at 2.)  That argument mischaracterizes the record.  The Magistrate Judge held a status conference after issuing his discovery rulings.  At that conference, the Magistrate Judge informed the parties that he had not previously received Robinson's <u>motion to amend his complaint</u>.  It was that statement that the Magistrate Judge quoted in his order denying recusal.  (ECF No. 103 at 7.)  Thus, the Magistrate Judge did not "admit" that he had not read Robinson's "discovery motions and letters."  To the contrary, the Magistrate Judge wrote in his discovery opinion that he had "considered the parties' submissions" and "thoroughly reviewed the record in this case."  (ECF No. 73 at 1 & n.1.)  The Magistrate Judge's careful consideration of Robinson's requests confirms as much.

Robinson also faults the Magistrate Judge for not requiring evidence of how much it would cost to respond to his additional requests.  The Magistrate Judge need not have required evidence that responding to discovery entails some burden and expense, and he did not base his rulings on the extent of that burden and expense in any event.[4]

_____

[4] Robinson also challenges the District Court's order affirming these discovery rulings. (ECF No. 80.)  His challenges are largely repetitive, and only one requires separate discussion.  Robinson argues that the District Court failed to review the Magistrate

Robinson's second challenge is to Magistrate Judge Dickson's denial of his motion for recusal. (ECF No. 103.) That motion was based primarily on the discovery rulings just discussed. As the Magistrate Judge explained and as Robinson concedes, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). This case is no exception.

Robinson argues that the Magistrate Judge displayed bias by not revisiting his discovery rulings after "becoming aware that he had not read Plaintiff's filings." (Appellant's Br. at 5.) There is no basis for that argument as explained above. Robinson also argues that the Magistrate Judge took out of context a statement that Robinson made in court. Robinson has not provided the transcript of that proceeding necessary for us to review that issue, however, and his argument does not suggest bias in any event. These points aside, Magistrate Judge Dickson's rulings reflect thorough and thoughtful consideration of Robinson's filings and do not suggest any bias or partiality.

Robinson's third challenge is to the Magistrate Judge's order granting in part and denying in part his motion for leave to file a Second Amended Complaint. (ECF No. 104.) Robinson sought leave to: (1) raise additional allegations in support of his existing claims; (2) assert a new claim for defamation; and (3) assert against new defendants his

---

Judge's rulings de novo as purportedly required by Rule 72(b). Robinson's discovery motion, however, was a non-dispositive matter governed by Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). Those authorities permit District Courts to reverse Magistrate Judge orders only when the orders are clearly erroneous or contrary to law. The District Court properly applied that standard in this case.

existing claim for breach of the covenant of good faith and fair dealing. The Magistrate Judge granted his motion as to the first request but denied it as to the others on the grounds that those proposed amendments would be futile.[5]

Robinson raises essentially two arguments on this point. First, he argues that the Magistrate Judge, in deeming these claims futile, overlooked his allegations of discrimination. The Magistrate Judge, of course, was well aware of those allegations. Robinson does not explain how he believes that his allegations of discrimination undermine the Magistrate Judge's legal analysis of these claims, and they do not.

Second, Robinson challenges the Magistrate Judge's decision to review his proposed defamation claim for futility even though Horizon did not argue that specific point. In evaluating Robinson's request to amend, however, the Magistrate Judge was

---

[5] Robinson objected to the Magistrate Judge's partial denial of leave to amend (ECF No. 107), but it appears that the District Court never addressed his objection. Robinson has not raised that issue on appeal, and we see no need to remand for an express ruling. Other courts have held that, when a District Court enters final judgment without ruling on a Rule 72(a) objection, its judgment "functions as the final order overruling that objection." Fielding v. Tollaksen, 510 F.3d 175, 179 (2d Cir. 2007) (addressing objection to Magistrate's order denying leave to amend and citing Alpine View Co. v. Atlas Copco AB, 205 F.3d 208, 219-20 (5th Cir. 2000)); see also United States v. Freedman, 763 F.3d 322, 346 n.10 (3d Cir. 2014) ("[T]he denial of a pending motion may be implied by the entry of final judgment.") (quotation marks omitted), cert. denied 135 S. Ct. 1189 (2015), and 135 S. Ct. 1467 (2015). It is particularly appropriate to apply that principle in this case because the District Court made a ruling in its final order that is relevant to Robinson's proposed amendment. Robinson already had asserted a breach-of-covenant claim against certain defendants, and the Magistrate Judge denied him leave to assert the same claim against additional defendants. In entering summary judgment, the District Court held that Robinson's existing breach-of-covenant claims were preempted by the NJLAD. That ruling would have applied equally to Robinson's proposed

8

required to consider whether "justice so requires." Fed. R. Civ. P. 15(a)(2). We cannot say that the Magistrate Judge abused his discretion in considering the legal sufficiency of Robinson's proposed amendments, particularly after this action had been pending for almost two years and after discovery had closed. Robinson also appears to suggest that the Magistrate Judge's decision to review this claim for futility is a further indication of bias, but he did not raise that issue as a ground for recusal in the District Court and it does not suggest bias in any event.

Robinson's fourth challenge is to a different Magistrate Judge's denial of his motion to strike Horizon's answer to his Second Amended Complaint. Robinson argues that it was unfair to limit his ability to amend his complaint but then to allow Horizon to raise additional allegations in its answer to that amended complaint. This argument is baseless. Robinson does not specify which allegations he believes that Horizon should not have been permitted to make or how they prejudiced him, and we discern no way in which they might have done so.

B.    Summary Judgment[6]

---

amendment, and Robinson has not challenged that ruling on appeal.

[6] Our review of the District Court's entry of summary judgment is plenary. See Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 465 n.4 (3d Cir. 2015). In conducting that review, we view the evidence in the light most favorable to Robinson as the non-moving party and will affirm if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. (quoting Fed. R. Civ. P. 56(a)). We review the District Court's response to a request for additional discovery under Rule 56(d) for abuse of discretion. See Shelton, 775 F.3d at 559.

Robinson raises three arguments regarding summary judgment that require discussion. These arguments lack merit as well.

First, Robinson argues that the District Court mischaracterized various items of evidence. He is partially right about one of them, but the point is immaterial. One of the issues in the case was Horizon's denial of Robinson's request to work remotely. Horizon attributed that denial primarily to Robinson's unsatisfactory 2011 mid-year review. In addressing this claim, the District Court wrote that Horizon's policy was to consider authorization to work remotely only for those employees "whose performance exceeded expectations." (ECF No. 133 at 3.) As Robinson argues, Horizon's policy on working remotely actually applied to employees who "meet or exceed the requirements for the job." (ECF No. 115-3 at 7 ¶ 17) (emphasis added).

That point is immaterial, however, because Horizon presented evidence that Robinson did not meet the requirements for the job and Robinson has presented nothing suggesting that its reliance on that point was pretextual. Robinson argues that his 2011 mid-year review was satisfactory "overall" and that the District Court erred in concluding otherwise. The review itself does not provide an "overall" rating. (ECF No. 115-19.) Instead, the review lists eight discrete areas of work performance, and Robinson received a rating of "needs improvement" on four of them. (Id. at 3-5.) Horizon presented evidence both that it deemed the review unsatisfactory and that it denied authorization for

10

that reason. (ECF Nos. 115-8 at 5; 115-9 at 1 ¶ 3; 115-23.) Robinson has not cited anything calling that evidence into question.

Second, Robinson argues that the District Court erred in denying his Rule 56(d) motion for additional discovery. As above, however, Robinson has largely failed to specify the discovery he sought or how it might have been relevant to his claims. Robinson's only specific argument on this point is his statement that Horizon should have used his mid-year review only "as a guide," and that he wanted to "depos[e] Victoria Wright-Gibson, to discuss that and other issues." (Appellant's Br. at 15.) Robinson provides no other details in this regard, and this passing reference is insufficient to raise this issue on review. See United States v. Hoffecker, 530 F.3d 137, 162 (3d Cir. 2008). In addition, Horizon presented evidence that it made Wright-Gibson available for a deposition during discovery but that Robinson never followed up. (ECF No. 123-1 at 19.) The District Court relied on that evidence in denying Robinson's Rule 56(d) motion (ECF No. 133 at 1-2 n.2), but Robinson has not acknowledged that point on appeal.

Finally, Robinson asserts at various points that the evidence was sufficient to raise an issue of material fact regarding whether Horizon discriminated against him. Robinson, however, has not developed any meaningful argument on this point beyond his mere assertions. Robinson argues that the sheer volume of exhibits should have led the District Court "to find at least one genuine issue of triable fact" (Appellant's Br. at 13), but Robinson himself has not identified any specific evidence that supports his claims, let

11

alone argued how it does so. Robinson's cursory discussion of the evidence in his opening brief also is completely devoid of the references to the record required by Fed. R. App. P. 28(a)(8)(A). Thus, Robinson's bare assertions provide no basis to disturb the District Court's ruling. See Hoffecker, 530 F.3d at 162-63. We have reviewed Robinson's remaining arguments and conclude that they lack merit for reasons that do not require discussion.

III.

For these reasons, we will affirm the judgment of the District Court.

12