21-2675
Malkin v. Shasha

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty-three.

PRESENT:
>      MYRNA PÉREZ,
>      ALISON J. NATHAN,
>      MARIA ARAÚJO KAHN,
>           *Circuit Judges.*

---

Peter L. Malkin, Anthony E. Malkin, ESRT MH Holdings L.L.C., Thomas N. Keltner, Jr.,

>           *Petitioners-Appellants*,

v.                                                                No. 21-2675

Virginia Shasha, as co-Trustee of the Violet Shuker Shasha Trust, Vivienne Pero, as co-Trustee of the Violet Shuker Shasha Trust, Danielle P. Barger, as Trustee of the Edelman Family Decedent's Trust, Shirley Adler, as Trustee of the Adler Family Trust, Myrna Joy Edelman, as Trustee of the 2006 Gilbert M. Edelman Inter Vivos Trust, Empire State Liquidity Fund LLC, Mary Jane Fales, Melvyn H. Halper, Phyllis J. Halper, Wendy S. Tamis,

>           *Respondents-Appellees.*

---

**FOR PETITIONERS-APPELLANTS:** THOMAS E.L. DEWEY (David S. Pegno, Jenifer L. Salzberg, *on the brief*), Dewey Pegno & Kramarsky LLP, New York, NY.

**FOR RESPONDENTS-APPELLEES VIRGINIA SHASHA AND VIVIENNE PERO, CO-TRUSTEES OF THE VIOLET SHUKER SHASHA TRUST, SHIRLEY ADLER, TRUSTEE OF THE ADLER FAMILY TRUST, MYRNA JOY EDELMAN, TRUSTEE OF THE 2006 GILBERT M. EDELMAN INTER VIVOS TRUST, EMPIRE STATE LIQUIDITY FUND LLC, MARY JANE FALES, MELVYN H. HALPER, PHYLLIS J. HALPER, AND WENDY S. TAMIS:** JOHN WYETH GRIGGS, Griggs & Adler, P.C., Reston, VA.

**FOR RESPONDENT-APPELLEE DANIELLE P. BARGER, AS TRUSTEE OF THE EDELMAN FAMILY DECEDENT'S TRUST:** José Anibal Bàez, The Bàez Law Firm, PLLC, New York, NY.

Appeal from the orders and judgment of the United States District Court for the Southern District of New York (Torres, *J.*), and motion to dismiss appeal.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Petitioners-Appellants' motion to dismiss the appeal is **GRANTED,** the underlying orders and judgment of the district court are **VACATED,** and the action **REMANDED** for lack of jurisdiction.

This case arises from Petitioners-Appellants' request to vacate in part and otherwise confirm an arbitration award under Sections 9 and 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9 and 10. Petitioners appeal from the following district court actions: (1) the August 4, 2021 dismissal of the petition against the Shasha Respondents;[1] (2) the September 27, 2021 order

---

[1] The Shasha Respondents are Respondents-Appellees Virginia Shasha and Vivienne Pero, Co-Trustees of the Violet Shuker Shasha Trust, Shirley Adler, Trustee of the Adler Family Trust, Myrna Joy Edelman, Trustee of the 2006 Gilbert M. Edelman Inter Vivos Trust, the Empire State Liquidity Fund LLC, Mary Jane Fales, Melvyn H. Halper, Phyllis J. Halper, and Wendy S. Tamis.

confirming the arbitration award and denying Petitioners' motion to vacate the award in part; and (3) the subsequent September 27, 2021 entry of judgment against Petitioners.

After Petitioners filed their appeal, the Supreme Court decided *Badgerow v. Walters*, which held that for petitions brought under Sections 9 and 10 of the FAA, like the one here, the basis for subject matter jurisdiction must be apparent from the face of the petition and courts may not "look through" to the underlying arbitration to find it. 142 S. Ct. 1310, 1314 (2022). The petition here asserted that the district court had federal question jurisdiction under 28 U.S.C. § 1331 because the underlying arbitration asserted violations of federal securities laws. Following *Badgerow*, Petitioners moved to dismiss their own appeal and vacate the judgment, contending that the Supreme Court's decision made clear there is no basis for federal jurisdiction over this case. The Shasha Respondents oppose the motion and ask this Court to affirm the district court's decisions and judgment on the merits. Because Petitioners' motion to dismiss raises a threshold issue—the existence of federal subject matter jurisdiction—we turn to that question first. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

We find that the petition fails to present an independent basis for subject matter jurisdiction. Therefore, Petitioners' motion to dismiss the appeal for lack of jurisdiction is granted. We vacate the underlying district court opinions and judgment and remand this action with instructions to dismiss without prejudice for lack of jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss only as necessary to explain our decision.

**DISCUSSION**

Sections 9 and 10 of the FAA authorize parties to petition a federal court to confirm or vacate an arbitration award. 9 U.S.C. §§ 9, 10. Because the FAA does not itself establish federal

3

jurisdiction, a federal court may review such petitions only if it has "an 'independent jurisdictional basis' to resolve the matter." *Badgerow*, 142 S. Ct. at 1314 (quoting *Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). At the time Petitioners filed their petition and initiated this appeal, courts in this Circuit could "look through" petitions under FAA §§ 9 and 10, "applying the ordinary principles of federal-question jurisdiction to the underlying dispute" at issue in the arbitration. *See Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 388 (2d Cir. 2016), *abrogated by Badgerow*, 142 S. Ct. 1310. The Supreme Court decided *Badgerow v. Walters* shortly thereafter. *Badgerow* provides that for petitions brought under Sections 9 and 10, courts are precluded from relying on the "look through" approach to determine jurisdiction. 142 S. Ct. at 1314. Rather, *Badgerow* directs courts to determine jurisdiction from "the face of the application itself." *Id.* at 1316; *see also id*. at 1314 ("[A] court may look only to the application actually submitted to it in assessing its jurisdiction.").

In this case, Petitioners relied solely on the "look through" approach to establish subject matter jurisdiction under 28 U.S.C. § 1331, asserting that "the underlying arbitration alleged claims under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, and Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C § 78n(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9." App. at 67. Because that approach is now foreclosed by *Badgerow*, we must determine whether some other basis for jurisdiction is evident from the face of the petition itself.

Without the ability to "look through" to the underlying arbitration, we find none. Generally, subject matter jurisdiction can be established by showing that the parties are diverse or the case presents a question of federal law. *See* 28 U.S.C. §§ 1331, 1332(a). The face of the petition here does neither. There is no diversity jurisdiction in this matter, which the parties do

4

not contest. Nor does the petition raise a federal question. A petition to vacate or confirm an arbitration award raises a dispute about "the enforceability of an arbitral award," which is "no more than a contractual resolution of the parties' dispute." *Badgerow*, 142 S. Ct. at 1316–17. Therefore, this case is not suited for resolution by federal courts. *See id.* at 1321 ("[Section 9 and 10] applications [should] go to state, rather than federal, courts when they raise claims between non-diverse parties involving state law."). Because the district court lacked subject matter jurisdiction, we do not reach the merits of Petitioners' appeal and conclude that the petition must be dismissed without prejudice. *Miller v. Brightstar Asia, Ltd.,* 43 F.4th 112, 126 (2d Cir. 2022) ("A dismissal for lack of jurisdiction must be without prejudice rather than with prejudice." (quoting *Donnelly v. CARRP*, 37 F.4th 44, 57 (2d Cir. 2022))).

The Shasha Respondents raise several arguments against vacatur, but none are availing. There remains a case or controversy between the parties, as Petitioners are currently subject to a federal judgment ordering the payment of funds that—Petitioners now argue, in light of *Badgerow*—the district court had no power to enter. We have appellate jurisdiction over the order dismissing the Shasha Respondents for failure to timely effect proper service because that order merged into the final judgment.[2] The Supreme Court's interpretation of the FAA in *Badgerow* applies to this case because the appeal remained pending when *Badgerow* was decided. *See Harper v. Va. Dep't of Tax'n*, 509 U.S. 86, 97 (1993). Finally, the Shasha

---

[2] *See* Fed. R. App. P. 3(c)(4) ("The notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order. It is not necessary to designate those orders in the notice of appeal."). The current version of Rule 3(c)(4) took effect on December 1, 2021, after this appeal was noticed, but applied "insofar as just and practicable, [to] all proceedings then pending." Order, U.S. Supreme Ct. (Apr. 14, 2021), https://www.supremecourt.gov/orders/courtorders/frap21_9p6b.pdf. The Shasha Respondents do not identify any reason why application of the amended rule here would be unjust or impracticable, and we see none, given that the parties have fully briefed the issues regarding service on the Shasha Respondents. *See, e.g.*, *Lee v. N. Metro. Found. for Healthcare, Inc.*, No. 21-2155, 2022 WL 17366627, at *3 n.3 (2d Cir. Dec. 2, 2022) (applying amended Rule 3(c)(4) retroactively given that the appellee "fully addressed the merits of [the relevant issues] in their appellate brief"). In any event, our precedents recognized the merger rule even under the prior version of the Rule 3. *See, e.g.*, *Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 144 (2d Cir. 2013); *Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007).

Respondents cannot rely on the "jurisdictional anchor" approach posited by Justice Breyer's dissent in *Badgerow*, 142 S. Ct. at 1326 (Breyer, J., dissenting), and which we have previously endorsed, *see Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 705 (2d Cir. 1985), because even assuming that that approach remains viable and consistent with the majority opinion in *Badgerow*, it would have no application here, where the Shasha Respondents point to a *different* lawsuit than the one at issue in this appeal—one in which no order directing the parties to arbitrate was entered—as their "jurisdictional anchor."

\* \* \*

We have considered all of the Shasha Respondents' remaining arguments with respect to the motion to dismiss and find them to be without merit. For the foregoing reasons, we **GRANT** Petitioners' motion to dismiss the appeal for lack of subject matter jurisdiction, **VACATE** the district court's August 4, 2021 and September 27, 2021 orders and its subsequent entry of judgment against Petitioners, and **REMAND** the case with instructions to dismiss without prejudice for lack of subject matter jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6