11-3895 (L)
Mears v. Montgomery

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand thirteen.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

Ervin Mears, Jr.,

> *Plaintiff - Counter Defendant*
> *- Appellant*,

Philip J. Terry, Sr.,

> *Intervenor Plaintiff*,

     v.                            11-3895 (L)
                                         11-4105 (con)

Glen Montgomery, *et al.*,

> *Defendants - Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:** Ervin Mears, Jr., *pro se*, Lawnside, NJ.

**FOR DEFENDANTS-APPELLEES:** Robert A. Cohen, Joseph R. Heffern, Dechert LLP, New York, NY.

Appeal from orders of the United States District Court for the Southern District of New York (Dolinger, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that: (1) the denial by the magistrate judge ("MJ "), in the appeal docketed as No. 11-3895, of Appellant Ervin Mears, Jr.'s motion for an extension of time to file a notice of appeal is **AFFIRMED**, although on a different ground from that articulated by the MJ; but (2) we construe Mears's timely notice of appeal on the motion for an extension of time to encompass an appeal on the merits, and Mears may therefore pursue his appeal of a March 2011 order of contempt in the appeal docketed as No. 11-3895 and is **DIRECTED** to file a scheduling notification for such appeal pursuant to Local Rule 31.2 within 14 days of the date of this order.

In *Bowles v. Russell*, the United States Supreme Court made "clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." 551 U.S. 205, 214 (2007). In a civil case, Federal Rule of Appellate Procedure 4(a)(1) and 28 U.S.C. § 2107 require an appellant to file a notice of appeal within 30 days of the entry of the judgment or order being appealed. Pursuant to Federal Rule of Appellate Procedure 4(a)(7), when judgment is required to be entered on a separate document pursuant to Federal Rule of Civil Procedure 58(a), and a separate document is not entered, judgment is deemed to be entered after "150 days have run from entry of the judgment or order in the civil docket." Under Rule 58(a), "[e]very judgment and amended judgment must be set out in a separate document," except in the limited circumstances listed in that rule, none of which apply here. A post-judgment civil contempt

2

order based on a violation of a permanent injunction, such as the March 2011 order in the present proceeding, is a "judgment" within the meaning of Rule 58. *See* Fed. R. Civ. P. 54(a) ("'Judgment' as used in [the Federal Rules of Civil Procedure] includes a decree and any order from which an appeal lies."); *Latino Officers Ass'n City of New York, Inc. v. City of New York*, 558 F.3d 159, 163 (2d Cir. 2009) (holding that a post-judgment order denying plaintiffs' motion for civil contempt was a final, appealable order).

Here, the district court did not enter a separate judgment as required, and judgment was therefore deemed to have been entered on August 15, 2011, 150 days after the entry of the MJ's March 2011 order. *See* Fed. R. App. P. 4(a)(7)(A)(ii). Thus, pursuant to Rule 4(a), Mears had until September 14, 2011, to file a timely notice of appeal and, inasmuch as he filed his initial notice of appeal on June 7, 2011, his initial notice of appeal was timely. The MJ was incorrect in finding that Mears's initial notice of appeal was untimely, but we nonetheless affirm on other grounds the MJ's denial of his motion for an extension of time, as such a motion was unnecessary. *See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 580 (2d Cir. 2006) ("This Court may affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." (citation and internal quotation marks omitted)).

Although his June 7, 2011 notice of appeal, docketed as No. 11-4105, was timely, Mears defaulted by failing to pay the filing fee, and a mandate has issued dismissing that appeal. However, before the time to appeal the March 2011 contempt order expired, Mears filed a second notice of appeal, docketed as No. 11-3895, challenging the MJ's denial of his motion for an extension of time to file a notice of appeal. A notice of appeal must "designate the judgment, order, or part thereof being appealed," Fed. R. App. P. 3(c)(1)(B), but "we construe notices of

3

appeal liberally, taking the parties' intentions into account," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995). This Court's jurisdiction "depends on whether the intent to appeal from [a] decision is clear on the face of, or can be inferred from, the notices of appeal." *New Phone Co. v. City of New York*, 498 F.3d 127, 131 (2d Cir. 2007). In light of our liberal interpretation of *pro se* filings, *see Phelps v. Kapnolas*, 123 F.3d 91, 93 (2d Cir. 1997), we infer from the second notice of appeal Mears's intent to challenge both the denial of his motion for an extension of time to appeal and the underlying order of contempt. Indeed, we can see no reason why Mears would contest the denial of his motion for an extension of time to appeal other than his desire to proceed to a merits appeal of the March 2011 order. *Cf. Marvin v. Goord*, 255 F.3d 40, 42 n.1 (2d Cir. 2001) (per curiam) ("We note that [*pro se* appellant's] appeal from the judgment, docketed as No. 99-0295, is in administrative default. However, we liberally construe [his] related October 26, 1999 notice of appeal, docketed as No. 99-0325, as a timely appeal of both the judgment and the denial of reconsideration. Although the notice of appeal identifies the reconsideration order as the order from which [appellant] was appealing, it is clear that [he] intended to appeal the district court's prior dismissal of his claims.").

Accordingly, the parties are directed to proceed to merits briefing of the March 2011 contempt order in the appeal docketed as No. 11-3895. Mears is directed to file a scheduling notification for such appeal pursuant to Local Rule 31.2 within 14 days of the date of this order.

For the foregoing reasons, we **AFFIRM** the denial of Mears's motion for an extension of time to file a notice of appeal on the grounds that the motion was unnecessary. We construe Mears's timely notice of appeal on the motion for an extension of time to encompass an appeal on the merits, and conclude that he may proceed to appeal the March 2011 order of contempt in

4

the appeal docketed as No. 11-3895.  Mears is **DIRECTED** to file a scheduling notification

pursuant to Local Rule 31.2 within 14 days of the date of this order.

                                            FOR THE COURT:
                                            Catherine O'Hagan Wolfe, Clerk