*Dukes v. Schuck*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand sixteen.

PRESENT:   JOSÉ A. CABRANES,
                     DEBRA ANN LIVINGSTON,
                     GERARD E. LYNCH,
                               *Circuit Judges.*

---

MYRON DUKES,

            *Plaintiff-Appellant*,

            v.                                                            No. 13-3920

C.O. JOHN SCHUCK, C.O. PATRICK GALLAWAY, C.O. JAMES DIER, SGT. CRAIG BALCER, LT. MURRAY, AND NORMAN BEZIO,

            *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**                    Myron Dukes, *pro se*, Malone, NY.


**FOR DEFENDANTS-APPELLEES:**                  Julie M. Sheridan, Assistant Solicitor
                                                                          General, Andrew D. Bing, Deputy
                                                                          Solicitor General, and Barbara D.
                                                                          Underwood, Solicitor General, *for* Eric T.
                                                                          Schneiderman, Attorney General of the
                                                                          State of New York, Albany, NY.

Appeal from an October 8, 2013 judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Myron Dukes, proceeding *pro se*, appeals from the District Court's October 8, 2013 final judgment in favor of defendants-appellees in an action that he brought against them pursuant to 42 U.S.C. § 1983. Specifically, Dukes argues that the District Court erred in (1) granting partial summary judgment to defendants-appellees Lieutenant Murray, Norman Bezio, and Sergeant Craig Balcer; (2) not allowing him to call Superintendent Conway as a witness; (3) allowing defendants-appellees to cross-examine him regarding his prison disciplinary record; (4) dismissing his claims against defendant-appellee Correction Officer Patrick Gallaway before submitting them to the jury; and (5) instructing the jury on the burden of proof. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, we find that we have jurisdiction to hear Dukes's appeal with respect to his first claim of error. Defendants-appellees argue that we lack jurisdiction to do so because Dukes did not specifically mention the District Court's September 16, 2013 summary-judgment order in his notice of appeal. Instead, Dukes designated only "the decision of th[e] [District] Court entered on October 4, 2013," which was the District Court's entry of the jury verdict.

Applying the liberal construction we normally afford to the submissions of *pro se* litigants, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006), we interpret Dukes's appeal to also encompass the District Court's entry of final judgment against him four days later, on October 8, 2013. And because "interlocutory orders rendered in [a] case typically merge with the [final] judgment for purposes of appellate review," *Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007) (internal quotation marks omitted), we interpret Dukes's appeal to fairly encompass the District Court's summary-judgment order as well, *see Phelps v. Kapnolas*, 123 F.3d 91, 93 (2d Cir. 1997) (interpreting a *pro se* notice of appeal that did not specifically mention either of two orders to encompass both, because "it is well settled that courts should apply a liberal interpretation to [the] requirement" under Rule 3(c)(1)(B) of the Federal Rules of Appellate Procedure that an appellant "designate the judgment, order or part thereof appealed from" (internal quotation marks omitted)); *Mears v. Montgomery*, 512 F. App'x 100, 102 (2d Cir. 2013) (non-precedential summary order) ("In light of our liberal interpretation of *pro se* filings, we infer from the second notice of appeal [the appellant's] intent to challenge both the denial of his motion for an extension of time to appeal and the underlying order of contempt." (citation omitted)).

We review an award of summary judgment de novo, *see Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012), and will affirm if the record, viewed in the light most favorable to the non-moving

2

party, reveals no genuine issue of material fact and entitlement to judgment as a matter of law, *see* Fed. R. Civ. P. 56(a); *Lynch v. City of New York*, 737 F.3d 150, 156 (2d Cir. 2013). The District Court properly granted partial summary judgment to Murray, Bezio, and Balcer because there were no due-process violations during the disciplinary proceedings and Balcer was not personally involved in the alleged excessive use of force against Dukes. We therefore affirm the grant of summary judgment to these defendants, substantially for the same reasons stated by the District Court in its thorough September 16, 2013 decision.

We turn next to Dukes's argument that the District Court erred in not allowing him to call Conway as a witness. We review this ruling for abuse of discretion, *see United States v. Medunjanin*, 752 F.3d 576, 590 (2d Cir. 2014), and find none here.[1] Dukes concedes that Conway was not present when the incident underlying his action occurred, and therefore did not have direct knowledge about what happened. *Cf. Kalwasinski v. Morse*, 201 F.3d 103, 109 (2d Cir. 1999) (suggesting that the fact that certain officers were not "present at [an] incident . . . provid[ed] . . . a rational basis for concluding that [their] testimony . . . would be irrelevant or unnecessary"). Further, Dukes fails to explain how Conway's statement at the end of his use-of-force report that further investigation was warranted and that defendant-appellee Correction Officer Schuck could have avoided the incident altogether is relevant to whether constitutionally excessive force was used.

We are also unpersuaded by Dukes's argument that the District Court erred in allowing defendants-appellees to cross-examine him regarding his prison disciplinary record—another ruling that we review for abuse of discretion. *See United States v. Scott*, 677 F.3d 72, 79 (2d Cir. 2012) (reviewing a district court's application of Rule 404(b) of the Federal Rules of Evidence for abuse of discretion); *United States v. Bermudez*, 529 F.3d 158, 161–62 (2d Cir. 2008) (same for a district court's application of Rule 403); *United States v. Flaharty*, 295 F.3d 182, 190–91 (2d Cir. 2002) (same for a district court's application of Rule 608(b)).

Dukes argues that he was "severely prejudiced" because "it is error to admit [an] inmate['s] disciplinary record to support [the] inference that he had a penchant for violent conduct." Pl.'s Br. 5 (internal quotation marks omitted) (quoting *Hynes v. Coughlin*, 79 F.3d 285, 291 (2d Cir. 1996)). But as the record makes clear, defendants-appellants cross-examined Dukes regarding his prison disciplinary record to impeach his testimony concerning the injuries that he claimed to have suffered as a result of the incident. As we have held on numerous occasions, "questioning [that] ar[i]se[s] in the form of impeachment of specific falsehoods, not as an attack on [a party's] general character for truthfulness, nor as an attempt to prove his bad character in order to show he acted in conformity therewith," is permissible. *United States v. Beverley*, 5 F.3d 633, 639 (2d Cir. 1993) (citations omitted);

---

[1] "'[A]buse of discretion' is a distinctive term of art that is not meant as a derogatory statement about the district judge whose decision is found wanting." *Vill. of Freeport v. Barrella*, —F.3d—, 2016 WL 611877, at *7 (2d Cir. Feb. 16, 2016) (internal quotation marks omitted).

*see also United States v. Ramirez*, 609 F.3d 495, 499 (2d Cir. 2010) ("Where a defendant testifies on direct about a specific fact, the prosecution is entitled to prove that he lied as to that fact." (alterations and internal quotation marks omitted)). Moreover, the District Court gave a proper limiting instruction during its jury charge.

Equally unavailing is Dukes's argument that the District Court erred in dismissing his claims against Gallaway before submitting them to the jury, which dismissal we review *de novo. See Vill. of Freeport v. Barrella*, —F.3d—, 2016 WL 611877, at *5 (2d Cir. Feb. 16, 2016). With respect to Dukes's excessive-force claim against Gallaway, neither Dukes nor any other witness testified that Gallaway used anything other than reasonable force to secure Dukes's legs until other officers could handcuff him. And with respect to Dukes's due-process claim against Gallaway, "a prison inmate [generally] has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015) (internal quotation marks omitted). While there are two exceptions to this general rule—which apply "when an inmate is able to show either (1) that he was disciplined without adequate due process as a result of the report; or (2) that the report was issued in retaliation for exercising a constitutionally protected right," *id.* (internal quotation marks omitted)—neither applies here. Dukes never alleged that Gallaway issued a false report in retaliation for his exercise of a constitutionally protected right, and the District Court correctly found that no due-process violations occurred during his disciplinary proceedings.

Lastly, we reject Dukes's argument that the District Court erred in instructing the jury on the burden of proof. "Because [Dukes] did not object to the jury charge in the [D]istrict [C]ourt, we review the challenged instruction only for plain error, a standard that requires [Dukes] to demonstrate (1) error, (2) that is clear or obvious, (3) affecting substantial rights, and (4) calling into question the fairness, integrity, or public reputation of judicial proceedings." *United States v. George*, 779 F.3d 113, 117 (2d Cir. 2015) (citations omitted). Here, not only was the District Court's instruction not plainly erroneous—it was objectively correct. *See Ostrowski v. Atl. Mut. Ins. Cos.*, 968 F.2d 171, 187 (2d Cir. 1992) ("[T]he court should instruct the jury that it is to conclude that a fact has been proven by a preponderance of the evidence if it finds that the scales tip, however slightly, in favor of the party with the burden of proof as to that fact." (alterations and internal quotation marks omitted)).

## CONCLUSION

We have considered all of Dukes's arguments on appeal and found them to be without merit. Accordingly, we **AFFIRM** the District Court's October 8, 2013 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4